United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL F., et al.,

    Plaintiffs,

    v.

BLUE SHIELD OF CALIFORNIA, et al.,

    Defendants.

_____/

No. C 09-2037 PJH

**ORDER DENYING MOTION TO STRIKE**

    Before the court is the motion of defendant Blue Shield of California ("Blue Shield") for an order striking plaintiffs' renewed motion for class certification. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court finds that the motion must be DENIED.

    Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quotation and citation omitted). In order to determine whether to grant a motion to strike under Rule 12(f), the court must determine whether the

matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. Id. at 973-74.

Here, the matter Blue Shield seeks to have stricken is a renewed motion for class certification. Plaintiffs originally sought class certification in a motion filed May 2, 2014 (Doc. 127). The court denied the motion in an order issued August 11, 2014 (Doc. 142). At the October 2, 2014 further case management conference, the court set various pretrial deadlines, including a February 25, 2015 deadline for filing dispositive motions (Doc. 145). The court did not set any dates for the pretrial conference or trial. The deadline for filing dispositive motions was subsequently continued to March 27, 2015, pursuant to stipulation and order (Doc. 147). On March 27, 2015, plaintiffs filed a renewed motion for class certification (Doc. 148). Blue Shield argues that the motion should be stricken because plaintiffs filed the motion without notice and without first seeking leave of court.

The court finds no basis for striking the motion. Rule 12(f) is inapplicable, as the motion is not a pleading, and Blue Shield does not claim that it is an insufficient defense, redundant, immaterial, impertinent, or scandalous. Blue Shield contends that the March 27, 2015 deadline was intended to be the last day to file dispositive motions, but plaintiffs correctly note that class certification motions are considered dispositive.

Blue Shield argues further that the motion was improper because plaintiffs did not seek leave to file a "renewed" motion. Plaintiffs respond that leave of court is not required to file a renewed motion for class certification, and cites cases in which the moving parties did in fact file a "renewed" motion following an initial denial of class certification, without first requesting leave. The court has reviewed those cases, and finds generally that while the moving parties may not have specifically requested leave, the court in most instances either advised filing a "renewed" motion or made clear that a "renewed" motion would not be unwelcome. Here, the court made no such suggestion.

Finally, Blue Shield asserts that the "renewed" motion in this case is in essence a motion for reconsideration, and that plaintiffs failed to seek leave of court before filing it, as required by Civil Local Rule 7-9. Here, Blue Shield is on firmer ground, but the court

2

nonetheless does not agree that the appropriate remedy is to strike the motion. The court has reviewed the motion and agrees with Blue Shield that it appears to be a motion for reconsideration. Accordingly, in accordance with Local Rule 7-9, plaintiffs must seek leave of court to request reconsideration.

> In seeking leave to file a motion for reconsideration, the moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). In addition, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c).

Here, plaintiffs have not have not established the required factors. First, they delayed more than seven months before filing the renewed motion, which suggests a certain lack of diligence. More importantly, however, they have not shown that a material difference in fact or law exists from that presented to the court at the time of the original motion, and that they did not know of such fact or law at that time. Nor have they shown the emergence of new facts or law occurring since the time of the original order denying class certification, or a manifest failure by the court to consider material facts or dispositive legal arguments prior to issuance of the original order.

Accordingly, before the court will consider plaintiffs' renewed motion, plaintiffs must, no later than May 29, 2015, file a request for leave to file a motion for reconsideration. Any

1  response by Blue Shield shall be filed no later than June 5, 2015.  No reply shall be filed,
2  and no hearing will be held.  If that motion is granted, the court will issue an order setting a
3  schedule for the filing of the opposition to the renewed motion for class certification and the
4  reply.

6  **IT IS SO ORDERED.**

7  Dated:  May 21, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge