**United States District Court**
For the Northern District of California

1

2                     UNITED STATES DISTRICT COURT

3                    NORTHERN DISTRICT OF CALIFORNIA

4

5    DANIEL F., et al.,

6              Plaintiffs,                    No. C 09-2037 PJH

7         v.

8    BLUE SHIELD OF CALIFORNIA, et al.,       **ORDER DENYING MOTION FOR
                                              LEAVE TO FILE MOTION FOR
9              Defendants.                    RECONSIDERATION**
     _____/

10

11        Before the court is plaintiffs' request for leave to file a motion for reconsideration of

12   the order denying class certification.  Having read the parties' papers and carefully

13   considered their arguments and the relevant legal authority, the court hereby DENIES the

14   motion.

15                              **BACKGROUND**

16        Plaintiffs filed this proposed class action against defendant Blue Shield of California

17   ("Blue Shield") on May 8, 2009, alleging two causes of action in connection with a denial of

18   coverage for residential treatment for mental illness.  Plaintiffs did not specifically assert a

19   cause of action under ERISA, but alleged jurisdiction under 29 U.S.C. § 1132(e)(1), and

20   also alleged in the first cause of action for "violation of the terms of the contract" that "[t]he

21   [c]ontract is governed by ERISA and the laws of the State of California."  Cplt ¶¶ 7, 79.

22        Blue Shield moved to dismiss the complaint for failure to state a claim.  On August 9,

23   2009, the court denied the motion, finding that it involved issues of fact that could not be

24   resolved in a Rule 12(b)(6) motion.  The court directed the parties to meet and confer

25   regarding the scheduling of discovery and a proposed briefing and hearing schedule for an

26   early summary judgment motion.  The court stated that it would rule on that motion before

27   authorizing any class discovery or hearing any motion for class certification.

28        Following a number of continuances, the court heard argument in Blue Shield's

United States District Court

For the Northern District of California

1    motion for summary judgment on February 16, 2011, and on March 3, 2011, issued an

2    order granting the motion, and a judgment.  Plaintiffs filed a notice of appeal, and on

3    January 22, 2013, the Ninth Circuit issued an order reversing the judgment and remanding

4    the case "for further proceedings consistent with" its decision in Harlick v. Blue Shield of

5    Calif., 686 F.3d 699 (9th Cir. 2012).  The Ninth Circuit mandate issued on February 14,

6    2013, and on February 27, 2013, this court set an initial case management conference

7    ("CMC") for March 21, 2013.  The date was subsequently continued to April 25, 2013.

8            At the CMC, the court instructed the parties to meet and confer regarding class

9    discovery and the scope and definition of the class.  On August 15, 2013, the parties

10   submitted a joint CMC statement specifying an October 30, 2013 deadline for completion of

11   "[d]iscovery on matters relevant to certification of the proposed class," and a November 15,

12   2013 deadline for filing a motion for class certification.  On October 25, 2013, the parties

13   submitted a stipulation agreeing to amend the CMC order to continue the class discovery

14   deadline to December 13, 2013, and the deadline for filing the class certification motion to

15   January 17, 2014.

16           On January 16, 2014, the parties submitted a stipulation to vacate the briefing and

17   hearing schedule for the class certification motion.  They asserted that they had "completed

18   all discovery on matters relevant to class certification, other than a 30(b)(6) deposition of

19   Blue Shield and the depositions of Daniel F.'s [sic] parents[,]" but that they would be unable

20   to complete discovery by the January 17, 2014 deadline.  The court vacated the briefing

21   and hearing schedule, and set a telephone status conference for March 20, 2014.

22           On March 13, 2014, the parties submitted a joint CMC statement, in which they

23   stated that they had "completed all discovery on matters relevant to class certification,

24   other than the depositions of [p]laintiffs Daniel F. and Shan O. by Blue Shield," which were

25   scheduled to occur on March 25, 2014.  On March 14, 2014, the court issued an order

26   setting a briefing and hearing schedule for plaintiffs' motion for class certification.  The

27   order was subsequently slightly modified at the request of the parties.  Plaintiffs filed their

28   motion for class certification on May 2, 2014.

United States District Court
For the Northern District of California

1    On August 11, 2014, the court issued an order denying the motion.  On August 18,

2 2014, the court set a further CMC for October 2, 2014.  In the joint CMC statement,

3 plaintiffs proposed deadlines for completion of "additional discovery;" filing amendments to

4 pleadings, motions to add parties, and dispositive motions; completion of alternative

5 dispute resolution; and a proposed trial date.  Blue Shield argued that the parties had

6 engaged in sufficient discovery to mediate plaintiffs' individual claims, and requested that

7 the court order mediation to be completed within 90 days.  Alternatively, Blue Shield

8 proposed deadlines for completion of any remaining merits discovery, and the filing and

9 hearing of dispositive motions.

10    At the CMC, the court set a deadline of November 12, 2014 for plaintiffs to file a

11 motion to amend the complaint, a deadline of January 19, 2015, for completion of non-

12 expert discovery, and a deadline of February 25, 2015 for the filing of dispositive motions.

13 The court also referred the case for private mediation to be completed by February 11,

14 2015.  On January 29, 2015, the parties submitted a stipulation to continue for 30 days the

15 deadlines for completion of mediation and filing dispositive motions.

16    On March 27, 2015, the deadline for the parties to file dispositive motions, and

17 without any prior notice to the court or to Blue Shield, plaintiffs filed a "renewed motion

18 requesting class certification."  In the "renewed" motion, plaintiffs set forth a revised class

19 definition, and also attached copies of transcripts of deposition testimony which they had

20 referred to in their original motion (but had not attached in support of the motion).

21    Up to that point, the court (and apparently, Blue Shield) had been under the

22 impression that following the denial of class certification, the parties were litigating only the

23 plaintiffs' claim of denial of coverage.  On April 8, 2015, Blue Shield moved to strike the

24 "renewed" motion as unauthorized by the court, and as having been filed in violation of the

25 CMC order.

26    On April 15, 2015, plaintiffs filed an opposition to the motion to strike, asserting that

27 where a motion for class certification is denied without prejudice, a renewed motion is

28 "acceptable and common."  They argued that their renewed motion was not a motion for

3

1  reconsideration, but was a "new motion based on additional evidence and a new proposed

2  definition of the class."  They also claimed that the "renewed" motion did not violate the

3  CMC order because the court had imposed no deadline for filing a another motion for class

4  certification, and because the motion was filed within the time allowed by the court for filing

5  dispositive motions.

6       On May 21, 2015, the court issued an order denying the motion to strike, and

7  directing plaintiffs to file a request for leave to file a motion for reconsideration, pursuant to

8  Civil Local Rule 7-9.  Plaintiffs filed the motion on May 29, 2015, and Blue Shield filed an

9  opposition on June 5, 2015.

10  **DISCUSSION**

11  A.    Legal Standard

12       In seeking leave to file a motion for reconsideration, the moving party must

13  specifically show reasonable diligence in bringing the motion, and one of the following:

14      (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the

15  interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for

16  reconsideration did not know such fact or law at the time of the interlocutory order; or

17

18      (2) The emergence of new material facts or a change of law occurring after the time of such order; or

19      (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory

20  order.

21  Civ. L.R. 7-9(b). In addition, "[n]o motion for leave to file a motion for reconsideration may

22  repeat any oral or written argument made by the applying party in support of or in

23  opposition to the interlocutory order which the party now seeks to have reconsidered." Civ.

24  L.R. 7-9(c).

25  B.    Plaintiff's Motion

26       Although plaintiffs request leave to file a motion for reconsideration, they begin by

27  arguing that they are seeking not reconsideration of the prior order denying class

28  certification, but rather a new ruling on a motion under Federal Rule of Civil Procedure

4

United States District Court

For the Northern District of California

1   23(c)(1)(C), to certify the class under a new or revised class definition.

2          Rule 23(c)(1)(C) provides in its entirety that "[a]n order that grants or denies class

3   certification may be altered or amended before final judgment."  Plaintiffs argue that this

4   provision provides a sufficient basis for their "renewed" motion for class certification, and

5   argue that there was no need for them to seek leave to file a motion for reconsideration

6   under Local Rule 7-9, or to otherwise seek leave to file the "renewed" motion for class

7   certification.  However, Rule 23(c)(1)(C) does not reference motions to alter or amend class

8   certification orders, and it is not a separate mechanism by which a party can seek

9   reconsideration of a prior order relating to class certification.  Rather it is simply a provision

10   authorizing the court to alter or amend an order relating to class certification at any time

11   prior to judgment.

12          In ruling on plaintiffs' original motion to certify the class under Rule 23(b)(3), this

13   court found that the definition of the proposed class was not sufficiently definite, and that

14   plaintiffs' failure to articulate a definition of the proposed class created a major barrier to

15   certification.  The court also found that the class was not clearly ascertainable by reference

16   to objective criteria, because the definition in the moving papers included class members

17   who were not similarly situated; because none of the proposed class definitions was limited

18   as to time; because plaintiffs had not identified a workable method by which the members

19   of the proposed class could be identified; and because some of the proposed definitions

20   appeared to include individuals whose membership in the class could be determined only

21   by resolving the merits of each individual's claim.

22          The court ruled (based primarily on Blue Shield's failure to oppose that part of the

23   motion) that plaintiffs had arguably established the Rule 23(a) factors – numerosity,

24   commonality, typicality, and adequacy of representation.  However, with regard to the Rule

25   23(b)(3) factors, the court found that plaintiffs had failed to establish that common issues

26   predominated over questions affecting only individual members, as to both liability and

27   damages; and had failed to establish that a class action would provide a superior method of

28   adjudicating the claims.

United States District Court

For the Northern District of California

1    First, with regard to predominance, the court noted that plaintiffs had identified only a

2  single common question –  whether the Parity Act requires Blue Shield to cover residential

3  care for serious mental illness as defined in the Act, notwithstanding the residential care

4  exclusion in its health plans – a question that was answered by the Ninth Circuit in Harlick.

5  The court found that numerous individualized issues were raised as to liability, both as to

6  whether a particular claimant's plan is governed by ERISA, and as to whether a claimant's

7  claim falls under the scope of the Parity Act.  In addition, the court found that plaintiffs had

8  offered no proof that damages could be calculated on a classwide basis, and that

9  calculating damages would in fact require manual review of each claimant's records, as

10  well as discovery into what each claimant had paid, what he/she still owed, the nature of

11  the services provided, and the amounts attributable to services covered under the Parity

12  Act.

13    Second, the court found that a class action would not be a superior method of

14  adjudicating the claims of the proposed class (however defined) as determinations of both

15  liability and damages as to each member of the proposed class would require an

16  individualized inquiry.  The court concluded that the members of the proposed class had a

17  stronger interest in controlling the prosecution of the individual actions because their

18  individual monetary claims were likely to be substantial, and that no efficiencies would be

19  gained by the class action vehicle.  The court also found that managing the case as a class

20  action would be difficult given the individual liability and damages issues.

21    In the present motion, plaintiffs request leave to file a "renewed" motion to amend

22  the court's prior order denying class certification.  They seek to modify their definition of the

23  proposed class, to eliminate the ambiguities and lack of clarity resulting from their prior use

24  of several different proposed definitions.  They also seek to "rectify [the] error" of failing to

25  attach copies of the deposition testimony of Christina Godoy and Sheri Glago, which they

26  previously cited in their original motion.

27    However, the "renewed" motion does not mention Rule 23(c)(1)(C), and by and

28  large, plaintiffs simply repeat certain arguments they previously made in support of the

United States District Court

For the Northern District of California

1  original motion.  Indeed, they state that they are incorporating into the motion all of the prior

2  memoranda filed in support of the original motion.  They cite to no evidence in the present

3  motion or in the "renewed" motion, apparently intending for the court to revisit the prior

4  motion, with the addition of the evidence they previously cited but did not attach.  This is

5  nothing more than a request that the court reconsider its prior ruling.

6         Plaintiffs have not satisfied the requirements of Local Rule 7-9.  First, the "renewed"

7  motion for class certification was filed more than seven months after the order denying

8  class certification, which demonstrates only minimal diligence.  Plaintiffs suggest that the

9  delay in filing the motion was due to their need to complete further discovery.  However, the

10  only evidence provided with the "renewed" motion is the copies of transcripts of deposition

11  testimony that they cited in the original motion (but did not submit with the motion).  In

12  addition, as noted above, more than six weeks before plaintiffs filed the original motion for

13  class certification, the parties filed a joint CMC statement in which they represented to the

14  court that they had "completed all discovery on matters relevant to class certification, other

15  than the depositions of [p]laintiffs Daniel F. and Shan O. by Blue Shield."        More

16  importantly, plaintiffs have not shown that at the time they filed the motion for leave, a

17  material difference in fact or law existed from that which was presented to the court before

18  entry of the order denying class certification.  They concede that there is no material

19  difference in the law, and argue only that the revised class definition and the copies of

20  transcripts of deposition testimony constitute "new facts."

21         Plaintiffs have not pointed to any facts that "in the exercise of reasonable diligence"

22  they "did not know . . . at the time of the interlocutory order."  See Civ. L. R. 7-9.  A party

23  seeking reconsideration "must show that the evidence was discovered after the dispositive

24  order, that the evidence could not be discovered earlier through due diligence, and that the

25  newly discovered evidence is of such a magnitude that had the court known of it earlier, the

26  outcome would likely have been different."  Flintkote Co. v. Gen'l Accident Assur. Co. of

27  Can., 692 F.Supp. 2d 1194, 1196-97 (N.D. Cal. 2010) (citing Dixon v. Wallowa Co., 336

28  F.3d 1013, 1022 (9th Cir. 2003)).  Neither a revised class definition nor deposition

United States District Court

For the Northern District of California

1   testimony that was available at the time of the original motion qualifies under these

2   standards as a new fact or newly-discovered evidence.

3        Nor have plaintiffs shown a manifest failure by the court to consider dispositive legal

4   arguments that were presented to the court before the order denying class certification.

5   Plaintiffs have addressed one portion of the court's finding regarding ascertainability – the

6   finding that plaintiffs had provided no workable method by which the members of the class

7   could be identified.  Plaintiffs argue that the court failed to apply the correct test, and that in

8   the Ninth Circuit "it is enough that the class definition describes a set of common

9   characteristics sufficient to allow a prospective plaintiff to identify himself or herself as

10  having a right to recover based on the description.  In support of this theory, plaintiffs cite

11  Brazil v. Dole Packaged Foods, L.L.C., 2014 WL 2466559 at *4 (N.D. Cal. May 30, 2014)

12  and McCrary v. Elations Co., LLC, 2014 WL 1779243 at *8 (C.D. Cal. Jan. 13, 2014).

13       Both Brazil and McCrary were proposed consumer class actions alleging

14  misrepresentations on product packaging.  In both cases, the courts found that the class

15  was ascertainable because the class definition provided "a description of the allegedly

16  offending product and the eligible dates of purchase."  In the McCrary court's view, this

17  description of "a set of common characteristics" was sufficient to allow a prospective

18  plaintiff to "identify himself or herself" as having a right to recover based on the description.

19  McCrary, 2014 WL 1779243 at *8.  Here, however, plaintiffs have not asserted a claim of

20  false advertising in connection with the sale of a consumer product, but rather a claim of

21  denial of coverage for residential treatment for mental illness, under an ERISA plan.  The

22  two scenarios are simply not analogous.

23       More to the point for purposes of this motion, plaintiffs have not identified any

24  dispositive legal argument that was presented to the court and which the court failed to

25  consider.  In the original motion, plaintiffs argued that the class definition must be

26  sufficiently definite so that it is administratively feasible to determine whether a particular

27  person is a class member.  This is the same standard articulated by the court in its order

28  denying class certification.  Plaintiffs asserted further that it would be administratively

**United States District Court**
For the Northern District of California

1   feasible to determine whether a particular person is a class member because Blue Shield

2   maintains a computer system that could identify the class members.  The court considered

3   this argument, and found, based on the evidence provided by Blue Shield, that unless Blue

4   Shield conducted a series of individualized inquiries, it could not readily make that

5   determination.

6          The last requirement of Rule 7-9 is that a party seeking leave to file a motion for

7   reconsideration may not repeat any oral or written argument it previously made in support

8   of or in opposition to the interlocutory order for which it seeks reconsideration.  As stated

9   above, both the proposed "renewed" motion and the present motion can only be construed

10   as attempts to re-hash the arguments made in support of the original motion.

11          Finally, while the class definition is relevant to the issue of ascertainability, the court

12   previously found that the class was not ascertainable for numerous reasons apart from the

13   lack of a comprehensible class definition.  More importantly, the court denied class

14   certification for reasons in addition to a lack of ascertainability – because plaintiffs failed to

15   establish that common issues predominated, and failed to establish that a class action was

16   superior to other available methods for the fair and efficient adjudication of the controversy.

17   None of these findings are addressed in plaintiffs' proposed "renewed" motion.

18                                            **CONCLUSION**

19          In accordance with the foregoing, the court DENIES plaintiffs' motion for leave to file

20   a "renewed" motion for class certification.

21          By separate clerk's notice, the court will set this case for a further CMC, to be

22   conducted telephonically.

23

24   **IT IS SO ORDERED.**

25   Dated:  June 22, 2015

26                                                            _____
                                                              PHYLLIS J. HAMILTON
                                                              United States District Judge

27

28

9